**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SHAZIA SOHRAWARDY, D.O.,

                        Plaintiff,                    23-CV-09706 (DLC)

                   -against-                  **CONFIDENTIALITY**
                                                      **STIPULATION AND**
NORTHWELL HEALTH, INC. & LONG ISLAND    **PROTECTIVE ORDER**
JEWISH FOREST HILLS,

                        Defendants.
-----------------------------------------------------------X

        **WHEREAS**, Plaintiff Shazia Sohrawardy, D.O. and Defendants Northwell Health, Inc. & Long Island Jewish Forest Hills (together the "Parties" and each a "Party") are engaged in discovery in connection with the above-captioned action that will involve the production of certain information and deposition testimony which the Parties consider to be confidential, sensitive, medical, personal, private and/or proprietary, and which should be maintained as confidential in order to protect the legitimate business and privacy interests of the persons and Parties who are subject to discovery, their clients and other persons; and

        **WHEREAS,** the Parties demand to protect against the public or other unauthorized disclosure and the misuse of such information obtained as a result of discovery proceedings in this action.

        **NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, on behalf of the Parties, that:

        1.     This Confidentiality Stipulation and Protective Order ("Stipulation") shall govern the production and use of all documents, deposition testimony (including all transcription and video-taped recordings of testimony), deposition exhibits, answers to interrogatories and requests for admission, and other written, recorded or graphic discovery materials in the referenced action

("Discovery Material"). It is understood and agreed that this Order's confidentiality obligations and protections shall apply throughout the discovery process. However, it also is understood and agreed that should this matter proceed to trial, the Court shall determine the terms and requirements of this Stipulation as needed for purposes of the trial. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the Parties at or before trial.

2. This Stipulation is binding upon the Parties, including their respective attorneys, agents, and employees.

3. Discovery Material specifically designated as Confidential Discovery Material (as defined below), including any portion of the contents thereof, shall be used by the persons receiving such materials and their counsel, subject to the provisions of this Stipulation, solely for the purpose of the prosecution or defense of the claims, defenses, cross-claims and/or counterclaims asserted and filed by the Parties in this litigation, with regard to the investigation and proceedings, if any, before the New York State Department of Health, Office of Professional Medical Conduct and for no other purpose.

4. The term "Confidential Discovery Material" shall mean confidential, sensitive, personal, medical, private and/or proprietary commercial, client, business, personnel, patient, personal identifiable information, protected health information, or financial information, quality assurance and/or other internal investigative data or materials, or other information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be an invasion of an individual's privacy or be embarrassing to that Party or be detrimental to the conduct of that Party's business or the personal business of that Party's employees, officers, directors, customers, patients or business contacts.

5.  The Party who produces Discovery Material (such individual or entity, a "Producing Party") may designate any Discovery Material as Confidential Discovery Material under the terms of this Stipulation by stamping the designated Discovery Material with the legend "Confidential" on each page of such Discovery Material.

6.  This Stipulation will extend to information or material derived from a source other than from a Party to this litigation if that source was contacted solely in regard to this litigation and if the information or material received from that source is the same in substance as information or material provided by a Party and designated as Confidential Discovery Material.

7.  Any Party may designate a transcript of deposition testimony given in this action by any person or entity, or any portions thereof, "Confidential" either by requesting on the record that the transcript be so designated, or by notifying the other Parties in writing within 20 days of receiving the deposition transcript that it is so designating the transcript or any portion thereof, if such testimony discussed Confidential Discovery Material or the contents of documents designated "Confidential." All deposition transcripts shall be "Confidential" for 20 days following the receipt of the transcript to afford the Parties the opportunity to designate the transcript or portions thereof "Confidential." Any confidential designation which is inadvertently omitted subsequent to the entry of this Stipulation may be corrected by written notification to the opposing Party.

8.  Confidential Discovery Material and/or the contents thereof shall not be given, shown, made available, communicated or otherwise disclosed to anyone other than:

    (a) the Court, including any appellate court, and its personnel;

    (b) court reporters providing services in connection with the referenced action;

    (c) the Parties to this action, and current or former officers, directors and employees of the Parties in this action, who have a need to know the information;

3

(d)  the undersigned counsel for the Parties to this action and their employees or agents, including associate attorneys, paralegals, clerical personnel, or other assistants that counsel employs;

(e)  outside vendors or service providers that counsel for the Parties hire and assign to this matter, including any mediator that the Parties engage in this matter or that the Court appoints;

(f)  experts, witnesses, potential witnesses or independent consultants not employed by or affiliated with any Party and who are retained for the purposes of consulting or testifying in connection with this civil action and who have executed the certification attached hereto as Exhibit A, acknowledging that the individual has read and understood this Stipulation and agrees to abide by its terms; and

(g)  any non-party deponent who has executed the certification attached hereto as Exhibit A.

A copy of any signed certification form in 8 (f) and (g) above shall be furnished to the Party who produced Confidential Discovery Material upon reasonable demand. Nothing shall prevent disclosure beyond the terms of this Stipulation if the Producing Party (or its, his or her counsel) consents in writing to such disclosure, or if after reasonable written notice to all affected parties the Court orders such disclosure.

9.  To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate Confidential Discovery Material subject to this Stipulation, the party filing such papers must follow the procedures set forth in Rule 8 of Judge Cote's Individual Practices in Civil Cases governing "Electronic Filing Under Seal in Civil Cases."

10.  Any Party may at any time seek Court review of the appropriateness of any Confidential Discovery Material designation made by a Party pursuant to this Stipulation, provided that prior to and during the pendency of any such review the Parties will treat the challenged information or documents as Confidential Discovery Material as provided herein until the Court issues a resolution concerning the challenged designation. In any such motion, the producing party claiming the right to designate the material protected as Confidential Discovery Material shall have

the burden of establishing the grounds for the designation and treatment of information as entitled to protection in accordance with this Stipulation and applicable law. Prior to seeking Court review, the Parties shall attempt in good faith to resolve the designation dispute.

11. Nothing in this Stipulation shall:

    (a) prevent a Party from objecting to discovery which it believes to be otherwise improper; or

    (b) prevent a Party from independently seeking discovery which may, coincidentally, include some of the same documents referenced herein.

12. No person or entity to whom Confidential Discovery Material is disclosed shall disclose such material or the contents of such material to any person or entity to whom/which disclosure is not authorized by the terms hereof, or use such Confidential Discovery Material for any purpose other than as set forth in Section 3 and 8 *supra*.

13. Counsel for each Party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Discovery Material.

14. The inadvertent or unintentional disclosure of Confidential Discovery Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Producing Party's claims of confidentiality or privilege as to such document or any other document, or with respect to the subject matter thereof, or with respect to the information contained therein, provided that the Producing Party notifies the receiving party of the inadvertent disclosure within 10 days of when the Producing Party learns of the inadvertent disclosure.

15. In the event the Party, Parties, and/or counsel to whom Confidential Discovery Material was produced unintentionally discloses such Confidential Discovery Material to anyone other than the individuals listed in Section 8 *supra*, on the terms set forth therein, the disclosing

Party's counsel will take all reasonable steps to rectify such disclosure. In the event of any unauthorized disclosure of Confidential Discovery Material, the Party who produced the Confidential Discovery Material shall be entitled to injunctive relief (without the requirement of any bond) from the Court for the purpose of restraining an actual or threatened breach of the provisions of this Stipulation, in addition to any other relief to which such Party may be entitled in law or in equity.

16. If Confidential Discovery Material in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such Confidential Discovery Material, the party to whom the subpoena is directed shall immediately notify the requesting person or entity of this Stipulation, shall provide the requesting person or entity a copy of this Stipulation and, in any event, shall not provide or otherwise disclose such documents or information without first notifying counsel for the Producing Party, as appropriate, in writing of: (1) the Confidential Discovery Material which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued. The receiving party agrees to notify the Producing Party within five (5) business days if the receiving party is compelled by subpoena or court order, or otherwise contacted by any third parties, to appear and testify concerning matters encompassed by this paragraph. The receiving party also agrees that the receiving party will not contest the Producing Party's standing to move to quash such subpoena.

17.     Nothing contained in this Stipulation and Order of Confidentiality shall be construed to prevent any party from making applications to the Court for revision of the terms of this Stipulation and Order of Confidentiality.

18.     Nothing contained in this order shall affect the right, if any, of a Party to make any other type of objection, claim or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at deposition or responses or objections thereto. Nor shall this Stipulation be construed as a waiver of any attorney-client privilege, any work-product doctrine or any other applicable privilege or immunity. Inadvertent production of any such protected document shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such document or any other document, or with respect to the subject matter thereof, or with respect to the information contained therein, nor shall such inadvertent production waive any right to object to the use of any such document or the information contained therein during any subsequent proceeding. If a Producing Party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, any work-product doctrine, or any other applicable privilege or immunity, the producing party should promptly notify each receiving party in writing of the inadvertent production. Once a receiving party receives notice of the inadvertent production, the receiving party shall make reasonable efforts to retrieve all copies of the information or materials the receiving party or its agents distributed to others and shall return to the Producing Party or destroy all originals and copies of such inadvertently produced information or materials within three (3) business days after receiving such notice. Any notes or summaries referring or relating to any inadvertently-produced information or materials subject to a claim of privilege or immunity shall be destroyed forthwith. Nothing in this Paragraph shall

prevent the receiving party from challenging the propriety of the attorney-client privilege, work product privilege, or other applicable privilege or immunity designation by submitting a written or oral challenge of the designation to the Court. The Producing Party bears the burden of establishing the privileged nature of any inadvertently-produced information or materials. The receiving party shall refrain from distributing or otherwise using the inadvertently-produced information or materials for any purpose until the discoverability of the information or materials is agreed upon by the parties or resolved by the Court. Notwithstanding the foregoing, the receiving party may use the inadvertently-produced information or materials solely to respond to a motion by the Producing Party seeking their return or destruction. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the producing party of such information or materials, (iii) collect all originals and copies of such information or materials, (iv) return or destroy such information or materials to the producing party, and (v) otherwise comport themselves with Rule 4.4(b) of the New York Rules of Professional Conduct.

19.  Upon final adjudication of this litigation, including exhaustion of appellate remedies, all Confidential Discovery Material and copies thereof, including such materials in the hands of outside experts or consultants, shall be returned to counsel for the Producing Party or may be destroyed rather than returned, provided that the Party in possession of such Confidential Discovery Material provides the Producing Party with a written certification, signed by a member of the bar, attesting that the Confidential Discovery Material was destroyed within 60 days following final adjudication and exhaustion of appellate remedies. To the extent applicable law requires that Confidential Discovery Material be retained for a period of time after the conclusion

of this litigation, the parties agree to maintain all such Confidential Discovery Material in a manner consistent with the confidentiality obligations set forth herein as the parties agree that the obligations of confidentiality imposed by this Stipulation shall survive the conclusion of this litigation to the extent permitted by applicable law. Once applicable law permits the return or destruction of such Confidential Discovery Material information, the parties agree to return or destroy all such information. Notwithstanding this provision, counsel for any Party shall be entitled to retain all court pleadings, motion papers, transcripts, expert reports, correspondence, and attorney work-product, provided that any such materials are maintained and protected in accordance with the terms of this Stipulation.

20. The provisions of this Stipulation shall, absent written permission of the Producing Party or order of the Court, continue to be binding after the conclusion of this action.

21. Persons having knowledge of Confidential Discovery Material by virtue of their participation in the conduct of the litigation shall not disclose such Confidential Discovery Material to any person who is not listed in Section 8 of this Stipulation, on the terms set forth in Section 8.

22. This Stipulation may be executed in a number of counterparts, all of which, when taken together shall constitute one instrument. Signatures may be transmitted by facsimile and facsimile signatures shall be acceptable as originals for all purposes.

Dated: New York, New York
April 12, 2024

*So ordered.*

*Denise Cote*
*4/12/24*

9

| EISENBERG & SCHNELL, LLP | JACKSON LEWIS, P.C. |
|---|---|
| By: *(signature)* | By: *(signature)* |
| Herbert Eisenberg, Esq.<br>Christopher Pacelle, Esq.<br>233 Broadway, Suite 2704<br>New York, NY 10279<br>(212) 966-8900<br>*Attorneys for Plaintiff* | Jennifer Courtian, Esq.<br>Alexander Deutsch, Esq.<br>666 Third Avenue, 29th floor<br>New York, New York 10017<br>(212) 545-4000<br>*Attorneys for Defendants* |

**SO ORDERED:**

_____

Hon. Denise L. Cote
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SHAZIA SOHRAWARDY, D.O.,

                Plaintiff,                          23-CV-09706 (DLC)

        -against-

                                                   **CERTIFICATION**

NORTHWELL HEALTH, INC. & LONG ISLAND
JEWISH FOREST HILLS

                Defendants.
-----------------------------------------------------------X

I am an [agent, independent consultant, expert non-party deponent] retained or otherwise engaged by or noticed or subpoenaed for testimony by _____ (the Retaining Party) in connection with the litigation known as *Sohrawardy v. Northwell Health, Inc. et al* 23-CV-09706 (DLC), currently pending in the United States District Court for the Southern District of New York. By signing this certification, I certify that I have read the Confidentiality Stipulation and Protective Order ("Protective Order") in this case in its entirety. I fully understand my obligations under the Protective Order, and I hereby agree to be bound by its terms during the course of my retention or engagement or testimony and thereafter. In particular, I agree not to disclose to any non-party, or otherwise use, for the benefit of anyone other than the Retaining Party any "CONFIDENTIAL" Material, or summaries thereof, which were provided to or shown to me by the Retaining Party. I further agree to return to the Retaining Party at the conclusion of this litigation (herein defined as the conclusion of all informal and formal proceedings arising from or relating to this litigation, including appeals), or earlier if requested by the Retaining Party, all such Materials, or summaries thereof, including work product derived from or based thereon.

_____
(Signature / Date)

_____
(Printed Name)

4870-4265-7718, v. 4