```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
SHAZIA SOHRAWARDY, D.O.,                 :
                   Plaintiff,            :
                                         :     23cv9706 (DLC)
          -v-                            :
                                         :     OPINION AND
NORTHWELL HEALTH, INC., et al.,          :        ORDER
                                         :
                   Defendants.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Shazia Sohrawardy, D.O.:
Herbert Eisenberg
Christopher Pacelle
Eisenberg & Schnell LLP
233 Broadway, Suite 2704
New York, New York 10279

For defendants Northwell Health, Inc., et al.:
Jennifer B. Courtian
Alexander Deutsch
Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017

DENISE COTE, District Judge:

Following the termination of her employment, plaintiff Dr. Shazia Sohrawardy ("Dr. Sohrawardy") brought this action against her former employer, defendants Northwell Health, Inc. ("Northwell") and Long Island Jewish Forest Hills ("Forest Hills"), alleging employment discrimination. The defendants have moved for judgment on the pleadings. For the following

reasons, the motion is denied, but this action will be stayed to permit the plaintiff to file an administrative complaint.

## Background

The following facts are taken from the complaint. They are assumed to be true for the purposes of this opinion.

Dr. Sohrawardy is a physician who describes herself as a woman of South Asian descent. In August 2020, she began work as a part-time Emergency Room Attending Physician at Forest Hills, a small community hospital within the system of medical providers owned by Northwell. During her time at Forest Hills, Dr. Sohrawardy was singled out by the Director of Emergency Medicine, Dr. Teresa Amato, such as by being told to "smile," to "be nice," and, in a conversation about fertility treatments, to speak up if she was ever feeling "off" or "emotional."

In December 2021, Emergency Department management told Dr. Sohrawardy they had identified four cases in which she had not adhered to standards of patient care, although no negative outcomes had resulted. On February 1, 2022, Dr. Sohrawardy was told she would be suspended while the hospital investigated "issues related to patient safety and quality of care concerns." Dr. Sohrawardy was fired on February 17, 2022, via a letter citing five cases in which it said she "deviated from the standards of care."

Dr. Sohrawardy asserts that the decision to terminate her employment was discriminatory. She filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 27, 2022. On August 29, 2023, the EEOC issued a Notice of Right to Sue.

Dr. Sohrawardy filed the complaint in this action on November 6, 2023, alleging discrimination on the bases of sex, national origin, and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"). The complaint seeks injunctive and equitable relief as well as damages. Defendants answered on January 22, 2024, and the case was referred to mediation on January 29 pursuant to the Southern District of New York protocol for cases asserting employment discrimination. After an initial pretrial conference on April 5, two April 8 Orders set a schedule for pretrial proceedings and referred the case to a magistrate judge for settlement discussions. Following a settlement conference on June 13, and the parties' report that the case had been settled in principle, an Order of June 17 dismissed this action and granted the parties 30 days to apply to restore it.

On July 11, the plaintiff moved to reopen the case, citing the parties' inability to reach agreement on specific settlement terms. An Order of July 12 granted the motion, reopening the case. Another July 12 Order set a new schedule for pretrial proceedings, including the completion of fact and expert discovery by September 27 and December 6, respectively, and the filing of a motion for summary judgment or Joint Pretrial Order by January 10, 2025.

On July 26, the defendants moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). This motion became fully submitted on August 15.

## Discussion

In their motion for judgment on the pleadings, the defendants argue that the doctrine of primary jurisdiction bars the Court from adjudicating this action, because Dr. Sohrawardy has not filed a complaint with the relevant administrative body, the New York State Public Health and Health Planning Council ("PHHPC"). Under New York law, the PHHPC is responsible for investigating any claim by a physician that a hospital improperly excluded the doctor from staff membership or professional privileges. N.Y. Pub. Health Law § 2801-b(1). Upon completing its investigation, the PHHPC advises the parties of its findings and can direct the hospital's governing body to

review the decision at issue in the complaint.  Id. § 2801-b(3); N.Y. Comp. Codes R. & Regs. tit. 10, § 93.5.  Through this process, the PHHPC "us[es] its professional expertise . . . to mediate and to conciliate disputes between health-care professionals, and to offer the court some aid in resolving such disputes, should the parties fail to come to agreement on their own."  Johnson v. Nyack Hosp., 964 F.2d 116, 123 (2d Cir. 1992) (citation omitted).

The plaintiff responds that she has exhausted her administrative remedies by filing a charge with the EEOC, and that the PHHPC will not be able to award the relief she seeks since she does not seek reinstatement.  She clarifies that she only seeks front pay.  Defendants are correct that the primary jurisdiction doctrine applies, although their motion for judgment on the pleadings is denied in favor of staying the case to allow the plaintiff to file a complaint with the PHHPC.

I.   The PHHPC Has Primary Jurisdiction in This Case.

Primary jurisdiction "applies where a claim is originally cognizable in the courts, but enforcement of the claim requires, or is materially aided by, the resolution of threshold issues, usually of a factual nature, which are placed within the special competence of the administrative body."  Palmer v. Amazon.com, Inc., 51 F.4th 491, 505 (2d Cir. 2022) (citation omitted).  In

5

disputes involving physicians' employment at hospitals, the Second Circuit has held that "a physician who asserts a damages claim that turns on whether the hospital legitimately terminated his privileges must first file a complaint with the PHC."[1] Johnson, 964 F.2d at 121. That rule applies in cases that "involve allegations of technical incompetence or inadequate patient care," as opposed to non-medical misconduct such as sexual harassment. Tassy v. Brunswick Hosp. Ctr., Inc., 296 F.3d 65, 70 (2d Cir. 2002).

This case fits that mold. According to the complaint, the defendants suspended, investigated, and eventually fired Dr. Sohrawardy purportedly because of concerns about patient safety and quality of care. Dr. Sohrawardy alleges that the incidents that Northwell characterized as deviations from standards of care on her part in fact resulted from understaffing, delays, or other systemic problems in the hospital. Evaluating these claims will benefit from, if not require, "a skilled evaluation of whether [Dr. Sohrawardy] provided inadequate treatment" to patients. Johnson, 964 F.2d at 122.

"A primary function of the [PHHPC] is to determine whether there is a medical justification for the withdrawal of the

---

[1] The PHC later became the PHHPC. See N.Y. Pub. Health Law § 2801 (6).

doctor's privileges." Id. at 121. Under New York law, a hospital may "deny or withhold . . . staff membership or professional privileges in a hospital" only for reasons related "to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the [physician]." N.Y. Pub. Health Law § 2801-b(1). The PHHPC investigates the complaints of those claiming to be excluded from practice for impermissible reasons. Id. § 2801-b(2), (3). As the New York Court of Appeals has explained, this process exists because "[a] hospital's decision to grant or deny staff privileges is based on specialized medical considerations involving notions of patient care, physician competence, and institutional welfare." Gelbard v. Genesee Hosp., 87 N.Y.2d 691, 696 (1996). Thus, the PHHPC "is best qualified to determine in the first instance whether defendants had proper medical reasons" for firing the plaintiff.[2] Johnson, 964 F.2d at 121.

The plaintiff fails to justify deviating from this approach. In opposition to the defendants' motion, Dr. Sohrawardy first argues that the hospital's "allegations

---

[2] If the defendants had not cited inadequate patient care as their reason for discharging Dr. Sohrawardy, the four factors outlined in Ellis v. Tribune Television Co., 443 F.3d 71, 82-83 (2d Cir. 2006), would be used to analyze the applicability of the primary jurisdiction doctrine. See Palmer, 51 F.4th at 506.

7

regarding medical care do not dispose of this case" and that she can show that the hospital's allegations are pretextual even if they were true. But the standard for the applicability of primary jurisdiction is not whether the agency will address all dispositive questions in a case. It is rather "whether an agency's review of the facts will be a material aid to the court ultimately charged with applying the facts to the law." Palmer, 51 F.4th at 508 (emphasis omitted) (citation omitted). As the complaint acknowledges, Forest Hills asserted that it was terminating Dr. Sohrawardy's employment due to its concerns about "inadequate patient care" by Dr. Sohrawardy. Tassy, 296 F.3d at 70. The PHHPC's analysis of factual issues such as whether the defendants did or did not have valid concerns about the quality of the plaintiff's medical practice is thus likely to be a "material aid" to the parties and to the resolution of this controversy. Id. at 73.

The plaintiff next argues that she will be unable to receive a "legitimate" review by the PHHPC because the defendants have not granted her access to a record allowing her to support her claims, and that the PHHPC itself does not permit discovery or a hearing. But as part of its investigation, the PHHPC may "receive reports from the governing body of the hospital and the complainant" before applying its expertise to

8

the grievance at hand, N.Y. Pub. Health. L. § 2801-b(3), after which the Council notifies both parties of its findings and reasons for crediting or not crediting the complaint's allegations, N.Y. Comp. Codes R. & Regs. tit. 10, § 93.5. Just because the PHHPC does not afford the same opportunities for discovery and a hearing as the Federal Rules of Civil Procedure does not mean its review is not useful to the parties and to the adjudication of this action.³

The plaintiff also expresses concern that the PHHPC cannot provide the relief that she seeks in this action, because the PHHPC can only direct a hospital to review its decision, cannot award damages, and has no authority over employment discrimination. This argument misunderstands the primary jurisdiction doctrine, which exists not to rely <u>entirely</u> on agencies to dispose of claims and provide relief to aggrieved parties. Instead, its application merely allows the parties and courts to benefit from the review of factual issues "placed within the special competence of the administrative body" that has "<u>initial</u> decisionmaking responsibility." Palmer, 51 F.4th

---

³ The plaintiff implies that she will not be able to obtain review by the PHHPC at all, because the defendants denied her access to their internal due process protections, and the PHHPC does not review petitions until the complainant uses a hospital's internal due process procedures first. This Court retains jurisdiction to hear her claims if the PHHPC decides it will not.

at 505 (emphasis in original) (citation omitted). In other words, the PHHPC is not Dr. Sohrawardy's final opportunity to seek relief -- just her first one.[4] See MFS Secs. Corp. v. N.Y. Stock Exch., Inc., 277 F.3d 613, 621 (2d Cir. 2002) (quoting Fed. Mar. Bd. v. Isbrandtsen Co., 356 U.S. 481, 498 (1958)) (noting the Supreme Court's description of primary jurisdiction as a "device to prepare the way, if the litigation should take its ultimate course, for a more informed and precise determination by the Court.").

II. Plaintiff's Claims Are Stayed to Avoid Undue Prejudice.

When a court applies the doctrine of primary jurisdiction, it may rule in one of two ways: First, it can stay the case "so as to give the plaintiff a reasonable opportunity within which to apply to the [agency] for a ruling." Palmer, 51 F.4th at 505 (quoting Mitchell Coal & Coke Co. v. Pa. R.R. Co., 230 U.S. 247, 267 (1913)). Alternatively, the court can dismiss the case without prejudice "if the parties would not be unfairly

---

[4] The plaintiff relatedly argues that requiring PHHPC review would contravene N.Y. Pub. Health Law § 2801-b(4), which states that "provisions of this section [establishing PHHPC review] shall not be deemed to impair or affect any other right or remedy." Id. But the Court of Appeals foreclosed that reading of the statute in Gelbard, 87 N.Y.2d at 698 ("We have held that requiring threshold PHC review does not impair or affect any right or remedy available to the physician, but merely assures prompt investigation by the administrative body best able to assess the respective interests of the parties involved." (citation omitted)).

disadvantaged." Id. (quoting Reiter v. Cooper, 507 U.S. 258, 268 (1993)). Where dismissal would present a "significant danger of unfair disadvantage" to a plaintiff whose damages claims are subject to a statute of limitations, a stay is appropriate. Id. at 505-06 (citation omitted); see also Mathirampuzha v. Potter, 548 F.3d 70, 84 (2d Cir. 2008).

Statutes of limitations indeed threaten Dr. Sohrawardy's claims. Title VII gives plaintiffs 90 days to file suit after receiving a Notice of Right to Sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The statute of limitations for the New York City Human Rights Law and the New York State Human Rights Law is three years. N.Y. CPLR § 214(2). Because the plaintiff's claims will be, or already are, time-barred, they will be stayed until she has the chance to file a complaint with the PHHPC and the PHHPC reviews her claim.

## Conclusion

The defendants' July 26, 2024 motion for judgment on the pleadings is denied. This action is stayed to give the plaintiff the opportunity to file a complaint with the PHHPC

within 30 days. The plaintiff shall file a status letter by **September 23, 2024.**

Dated:   New York, New York
         August 22, 2024

                                           _____
                                           DENISE COTE
                                           United States District Judge